UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                              )
                                    )
    STEPHEN RUNFOLA              )    Case No. 06-11140-BFK
    CALEXANDRA D. RUNFOLA       )    Chapter 13
                                    )
    Debtors                     )

## MEMORANDUM OPINION

This matter comes before the Court on the Motion of the Debtors (or, more accurately, Debtors' counsel, as will be seen below) for a waiver of the requirement to file the Certification required by Local Rule 4008-2(A). Docket No. 54. For the reasons stated below, the Motion will be granted. The Court issues this Opinion because it may be helpful to the members of the Bar and the public to understand the circumstances under which compliance with this Local Rule may be waived.

### Statement of Facts

The Debtors filed their joint, voluntary petition under Chapter 13 with this Court on September 18, 2006. On November 27, 2006, the Court confirmed the Debtor's Chapter 13 Plan. Docket No. 10. On October 14, 2011, the Chapter 13 Trustee reported that the Debtors completed their plan payments. Docket No. 51. On October 22, 2011, the Chapter 13 Trustee issued his Notice to the Debtors of the requirement to complete the Local Rule 4008-2(A) Certification in order to receive their discharge. Docket No. 53. On November 28, 2011, Debtors' counsel filed a Motion requesting a waiver of the requirement to file the Local Rule 4008-2(A) Certificate, representing that: (a) the Debtors had completed their Plan payments; (b) the Debtors had completed their course on personal financial management; and (c) both Debtors

1

had passed away in October 2011. Docket No. 54.[1] Accordingly, the Motion asserts, the

Debtors are unable to complete the Certification under Local Rule 4008-2(A). The Motion was

served on the Standing Chapter 13 Trustee and all creditors on November 28, 2011. No

objections or responses were filed in response to the Motion.

**Discussion**

Section 1328(a) of the Bankruptcy Code provides that, as soon as practicable after

completion of the Debtor's plan payments in a Chapter 13 case, the Court shall grant a discharge,

except with respect to the kinds of debts identified in subsections (1) through (4) of the statute.

11 U.S.C. § 1328(a). Under Section 1328(a), Debtors are required to certify to the Court that

they are current on all domestic support obligations, before they can receive their discharge. *Id.*

Local Rule 4008-2(A) implements the certification requirement under Section 1328(a),

and further requires Debtors to certify other matters that are required in order to receive a

discharge in Chapter 13. Specifically, Local Rule 4008-2(A) and the corresponding Certification

form (*available at* http://www.vaeb.uscourts.gov/scripts/formsqry.exe/crtc1328.pdf) require

Chapter 13 Debtors to certify as follows:

1. I/We have completed an instructional course concerning personal financial management as described in 11 U.S.C. §111.

2. I/We have not received a discharge in another Chapter 7, 11, or 12 bankruptcy case that was filed within 4 years prior to the filing of this Chapter 13 Bankruptcy.

3. I/We have not received a discharge in another Chapter 13 bankruptcy case that was filed within 2 years prior to the filing of this Chapter 13 Bankruptcy.

4. I/We did not have, either at the time of filing this bankruptcy or at the present time, equity in excess of $125,000 if the case was filed before April 1, 2007, $136,875 if

---

[1] The press reported that Mr. and Mrs. Runfola were killed in a motorcycle accident on the Skyline Drive in the Shenandoah National Park, which is near their home in Warrenton, Virginia. *See* Joe Beck, *Husband, Wife Die After Being Thrown from Motorcycle* (Oct. 12, 2011, 12:00 AM), http://www.nvdaily.com/news/2011/10/police-identify-crash-victims.php.

2

      the case was filed April 1, 2007 through March 31, 2010, or $146,450 if the case was filed on or after April 1, 2010, in the type of property described in 11 U.S.C. §522(p)(1) [generally the debtor's homestead].

5. There is not currently pending any proceeding in which I/we may be found guilty of a felony of the kind described in 11 U.S.C. §522(q)(1)(A) or liable for a debt of the kind described in 11 U.S.C. §522(q)(1)(B).

6. If applicable, I/we certify that as of the date of this certification that I/we have paid all amounts due under any domestic support obligation [as that term is defined in 11 U.S.C. §101(14A)] required by a judicial or administrative order, or by statute, including amounts due either (i) before this bankruptcy case was filed and provided for in the Plan, or (ii) due any time after the filing of this bankruptcy case.[2]

      A number of bankruptcy courts have approved the request for a waiver of the certification requirement under Section 1328. In *In re Stewart*, 2004 Bankr. LEXIS 1042, at *2 (Bankr. D. Ore. Mar. 2, 2004), the Court noted that Bankruptcy Rule 1016 specifically allows for the possibility of the continuation of a Chapter 13 case after the death of the debtor. Rule 1016 provides that, in the event of the death of the debtor, "the case may be dismissed; or if further administration is possible and in the best interests of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred." Fed.R.Bankr.P. 1016. The Court allowed the continued administration of the case under Rule 1016, and ordered that the personal representative of the estate be substituted for the debtors in the bankruptcy case. *In re Stewart*, 2004 Bankr. LEXIS 1042, at *4.

      In *In re Perkins*, 381 B.R. 530 (Bankr. S.D. Ill. 2007), the Court also allowed the continuation of the bankruptcy case. The Court noted that, under Rule 1016, the Bankruptcy Court is obligated to determine "based on the facts of each individual case, whether further administration is in the best interests of the parties." *Id.* at 537. The Court further held that it

---

[2] The Court assumes that counsel has made the request for a waiver of the certification after a good faith inquiry as to the veracity of each of the above requirements, consistent with Bankruptcy Rule 9011. The Court has searched for prior cases involving these Debtors within the four years preceding the filing of this bankruptcy case, and has found none.

3

could issue a discharge, despite the fact that the probate estate was not eligible to file a Chapter 13 petition. Although a probate estate is not a natural person with regular income under 11 U.S.C. § 109(e), Section 109(e) determines eligibility to file a petition at the outset of the case, and is largely unaffected by post-petition events. Therefore, the Court found that there was no conflict between Section 109(e) and Section 1328. *In re Perkins*, 381 B.R. at 535-36.

In *In re Fuller,* 2010 Bankr. LEXIS 1092, at *2 (Bankr. D. Colo. Mar. 11, 2010), the Court followed the *In re Perkins* decision, and noted that a discharge is the "natural and contemplated result" of the completion of the debtor's plan payments under Chapter 13.

Finally, in *In re White*, 2011 Bankr. LEXIS 3034 (Bankr. S.D. Ga. May 16, 2011), the Court refused to reinstate a case where the debtor had passed away. However, this was because the Debtor had not yet completed the personal financial management course, and the Court found that the requirements of 11 U.S.C. § 1328(g) could not be waived. *Id.* at *4.

In this case, the Court will waive the requirement of a Local Rule 4008-2(A) Certification. First, the Debtors have completed all of their plan payments. Docket Nos. 51 and 53. They completed the course in personal financial management, and so certified to the Court. Docket No. 9. In short, the Debtors completed all the requirements for a discharge; they just never were able to certify the same to the Court under Local Rule 4008-2(A). The Court notes that what is at issue here is a waiver of the Local Rule certification requirement. The case would not be as strong for the continuation of the Chapter 13 case if, for example, the Debtors were years away from completion of their plan payments, or if the Debtors had never completed the personal financial management course. These may be circumstances better left for another day. But, the Court can say with some confidence that, where the Debtors have completed all of their plan payments, and have completed the personal financial management course, and all that was

left to do was to certify the same under the Local Rule, the interests of all parties are best served by a waiver of compliance with Local Rule 4008-2(A).

## Conclusion

For the foregoing reasons, the Court will grant the Motion requesting a waiver of the Local Rule 4008-2(A) certification requirement.

Date: _____        _____
                                     Brian F. Kenney
                                     United States Bankruptcy Judge

Copies to:

James M. Flaherty, Esquire
Boleman Law Firm
P.O. Box 11588
Richmond, VA 23230-1588
Counsel for the Debtors

Thomas P. Gorman, Esquire
300 N. Washington St. Ste. 400
Alexandria, VA 22314
Chapter 13 Trustee

W. Clarkson McDow, Jr., Esquire
Office of the U.S. Trustee
115 South Union Street
Alexandria, VA 22314